IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. PHILIP MARSTELLER and ROBERT SWISHER, <br><br> Plaintiffs/Relators, <br><br> v. <br><br> LYNN TILTON and MD HELICOPTERS, INC., <br><br> Defendants. | CIVIL ACTION NO. <br><br> 5:13-cv-00830-AKK <br><br> **Jury Trial Requested** |

## RELATORS' LIST OF ESSENTIAL ELEMENTS

Pursuant to the Court's Standard Pretrial Procedures, Relators file this listing of essential elements of Relators' claims and Defendants' affirmative defenses.

**A. Relators' Fraudulent Inducement Claims**

The elements of a claim for fraudulent inducement under the False Claims Act are (1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, and (4) that caused (5) the government to pay out money or forfeit moneys due. MSJ Op. at 15–16 (Doc. 209). In its opinion on summary judgment, the Court found that non-compliance with FAR § 52.203-13 is necessarily material. MSJ Op. at 20–21. As Relators explain in their August 30, 2021 Trial Brief, the measure of damages in this action is a question of law. Therefore, the only elements left for the jury are falsity, scienter, and causation.

1

B. **Defendants' Affirmative Defenses**

Defendants plead an array of affirmative defenses, none of which presents any questions or elements to be determined by the jury.

1. *Estoppel*

    a. Courts have held that an estoppel defense is not available against claims involving public funds, including claims brought under the False Claims Act. *See U.S. v. Halifax Hosp. Med. Center*, 2013 WL 6017329, *12 (M.D. Fla. Nov. 13, 2013); *U.S. ex rel. Dye v. ATK Launch Sys., Inc.*, 2008 WL 4642164, *2 (D. Utah Oct. 16, 2008); *U.S. v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 768 (N.D. Tex. 2002) (citing *Office of Personnel Mgmt v. Richmond*, 496 U.S. 414, 422, 426 (1990)); *Rosas v. U.S. Small Bus. Admin.*, 964 F.2d 351, 360 (5th Cir. 1992).

2. *Judicial Estoppel (Non-Disclosure Under FCA)*

    a. The elements of judicial estoppel are "(1) whether the plaintiff made the inconsistent statement in a prior proceeding under oath; and (2) whether the inconsistencies were calculated to make a mockery of the judicial system." *U.S. ex rel. Bibby v. Wells Fargo Bank, N.A.*, 906 F. Supp. 2d 1288, 1306 (N.D. Ga. 2012) (quotation omitted); *see also Willis v. Homesense Fin. Corp. of Sav.*, 2009 WL 10712276, *3 (N.D. Ga. Mar. 5, 2009) (interpreting the second element as "whether the inconsistent statements were made knowingly and with intent to mislead").

    b. However, the court must review "all the facts and circumstances of the particular case" in considering whether failure to disclose civil claims in bankruptcy disclosures meets this standard. *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1185 (11th Cir. 2017).

    c. "Judicial estoppel is an equitable doctrine invoked at a court's discretion." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)).

3. *Violation of FCA Mandatory Seal*

    a. The FCA does not mandate dismissal as a remedy for violations of Section 3730(b)(2)'s seal provision. *See State Farm Fire & Cas. Co. v. U.S. ex rel. Rigsby*, 137 S. Ct. 436, 442–43 (2016). However, dismissal "remains a possible form of relief" for such violations, among a variety of other potential sanctions. *Id.* at 444.

b. "Because the seal provision was intended in main to protect the Government's interests, it would make little sense to adopt a rigid interpretation of the seal provision that prejudices the Government by depriving it of needed assistance from private parties." *Id.* at 443; *see also ACLU v. Holder*, 652 F. Supp. 2d 654, 664 (E.D. Va. 2009) ("the FCA's seal provisions are narrowly tailored to serve the compelling government interest of protecting criminal investigations").

c. Courts look to the following factors in determining whether to dismiss for violation of the seal: "(1) whether the Government suffered harm because of the violation of the sealing requirement, (2) the nature of the violation, and (3) whether the violation was willful or made in bad faith." *U.S. ex rel. Brooks v. Stevens-Henager College, Inc.*, 359 F. Supp. 3d 1088. 1127–28 (D. Utah 2019), citing *State Farm*, 137 U.S. at 444; *see also U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245–47 (9th Cir. 1995) (explicating these factors in analysis later endorsed in *State Farm*).

4. *Lack of Control / Responsibility Over Third Parties*

   a. This issue goes to Relators' *prima facie* case, not an affirmative defense.

   b. "A defense which points out a [perceived or alleged] defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Similarly, defenses that merely "negate an element of the plaintiff's *prima facie* case" are not considered affirmative defenses. *Id.* (quotation omitted).

   c. "[W]hen a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 688, 671 (S.D. Fla. 2013) (citing 5 Charles Alan Wright et al., Federal Practice and Procedure).

5. *Actual or Constructive Knowledge of the U.S.*

   a. The 1986 amendments to the False Claims Act "replaced the so-called Government knowledge bar with the narrower public disclosure bar." *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 412 (2011), citing *Graham Cty Soil & Water Cons. Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 294–95 (2010).

   b. In fact, under current law, an FCA case may be filed "more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with

3

responsibility to act in the circumstances," and in some cases even later than that. 31 U.S.C. § 3731(b)(2); *see also U.S. ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1096 (11th Cir. 2018) ("the statute of limitations in § 3731(b)(2) is available to a relator in a non-intervened case" and "it is the knowledge of a government official, not the relator, that triggers the limitations period").

   c. Therefore, whether the Government had "actual or constructive knowledge of the relevant facts" (Dkt 124 at 26) is not a defense. Rather, the government's knowledge of the relevant facts is one factor among many in the materiality inquiry. *See U.S. ex rel. Bibby v. Mortg. Invs. Corp.*, 987 F.3d 1340, 1352 (11th Cir. 2021).

6. *Failure to Mitigate*

   a. The vast majority of courts hold that the "Government has no duty to mitigate damages in cases where fraud is alleged." *See U.S. ex re. Garrison v. Crown Roofing Servs., Inc.*, 2011 WL 4914971, *2 (S.D. Tex. Oct. 14, 2011); *U.S. v. City Nursing Servs. of Tex.*, 2016 WL 320766, *4 (S.D. Tex. Jan. 27, 2016) (same); *U.S. v. Aging Care Home Health, Inc.*, 2006 WL 2915674, *1 (W.D. La. Oct. 6, 2006) ("[A]s to the fraud claims under the False Claims Act, the government has no duty, in any event, to mitigate its losses."); *U.S. ex rel. Jordan v. Northrop Grumman Corp.*, 2002 WL 35454612, *16 & n.9 (C.D. Cal. Aug. 5, 2002); *U.S. ex rel. Monahan v. Robert Wood Johnson Univ. Hosp.*, 2009 WL 4576097, *8 (D.N.J. Dec. 1, 2009) ("The Government has no duty to mitigate damages in fraud actions, including those under the FCA."); *U.S. ex rel. Baker v. Comm'y Health Sys., Inc.*, 2011 WL 13115254, *10 (D.N.M. Dec. 7, 2011) ("[N]either the defense of 'failure to mitigate' nor 'unclean hands' can be asserted against the Government on FCA claims."); *U.S. ex rel. Mandel v. Sakr*, 2021 WL 1541490, *2 (W.D.N.Y. Apr. 20, 2021) ("The Government has no duty to mitigate damages in fraud actions."); *U.S. v. HCR Manor Care, Inc.*, 2015 WL 11117429, *1 (E.D. Va. Dec. 9, 2015) ("it is well settled that the United States has no duty to mitigate damages in a fraud action, including an FCA claim"); *U.S. v. United Techs. Corp.*, 950 F. Supp. 2d 949, 954 (S.D. Ohio 2013) (same).

7. *Ratification*

   a. This defense goes to the Relators' *prima facie* case and is therefore not properly considered an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

b. The concept of ratification is generally considered "in determining whether a defendant possessed the requisite scienter to violate the FCA." *See U.S. ex rel. Jordan v. Northrop Grumman Corp.*, 2002 WL 35454612, \*8 (C.D. Cal. Aug. 5, 2002).

8. *Unjust Enrichment*

    a. Generally, unjust enrichment is an equitable cause of action that applies when there is no legal contract and a benefit has been conferred.

    b. Some courts have recognized unjust enrichment as an affirmative defense under Florida law that "seeks to prevent a windfall to Plaintiffs in the event that they prevail in their action." *See Saxon Fin. Grp, Inc. v. Rath*, 2012 WL 3278662, \*8 (S.D. Fla. Aug. 9, 2012).

    c. It does not appear that there are any cases in which the doctrine of unjust enrichment has been applied as an affirmative defense in an FCA case.

9. *Waiver*

    a. "The elements of waiver are (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit that may be waived; (2) the actual or constructive knowledge of that right; and (3) the intention to relinquish the right." *Milgram v. Chase Bank USA, N.A.*, 2020 WL 3791609, \*3 (S.D. Fla. July 6, 2020) (alterations omitted).

    b. Some courts hold that waiver is not a defense against the Government in an FCA case. *See, e.g., U.S. v. Halifax Hosp. Med. Center*, 2013 WL 6017329, \*12 (M.D. Fla. Nov. 13, 2013). *But see U.S. ex rel. Howard v. Lockheed Martin Corp.*, 14 F. Supp. 3d 982, 1029 (S.D. Ohio 2014) (allowing waiver defense in FCA case because underlying facts are admissible "whether the knowledge defense is viewed as the affirmative defense of waiver or merely as a means to negate the elements of scienter and materiality").

10. *Set Off "Against Payments Received by the United States"*

    a. "It is generally agreed that when a plaintiff settles with one of several joint tortfeasors, the non-settling defendants are entitled to a credit for that settlement," and this rule has been applied against the Government in FCA cases. *See U.S. ex rel. Bunk v. Birkart Globistics GmbH & Co.*, 2011 WL 5005313, \*16 (E.D. Va. Oct. 19, 2011).

    b. There have not been any settlements between the Government and any joint tortfeasors in this case. In any event, offsetting damages with payments

received is a legal consideration for the Court after the verdict has been rendered, not a question for the jury.

11. *Non-Actionable Statements of Fact*

    a. This defense goes to the Relators' *prima facie* case and is therefore not properly considered an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

12. *Unclean Hands*

    a. "The unclean hands doctrine may not be invoked against a governmental agency which is attempting to enforce a congressional mandate in the public interest." *U.S. v. DynCorp Int'l LLC*, 282 F. Supp. 51, 58 (D.D.C. 2017) (quotation omitted);

    b. The defense also does not apply against relators because "[t]he FCA is in no way intended to ameliorate the liability of wrongdoers by providing defendants with a remedy against a qui tam plaintiff with 'unclean hands.'" *U.S. ex rel. Chiba v. Guntersville Breathables, Inc.*, 421 F. Supp. 3d 1241, 1251 n.3 (N.D. Ala. 2019), quoting *Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev. (Las Vegas)*, 934 F.2d 209, 213 (9th Cir. 1991); *see also Ruscher v. Omnicare Inc.*, 2014 WL 5364152, *2 (S.D. Tex. Oct. 21, 2014) (finding that statutory language "strongly suggests that a relator's unclean hands are not a bar to a defendant's liability" under the FCA); *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 360 (1995) (explaining that the Court has "rejected the unclean hands defense where a private suit serves important public purposes").

13. *No Damages*

    a. This defense goes to the Relators' *prima facie* case and is therefore not properly considered an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

14. *Excessive Fines (Eighth Amendment)*

    a. The FCA's civil fines and treble damages provisions are subject to the Excessive Fines Clause. *See U.S. v. Mackby*, 261 F.3d 821, 829–31 (9th Cir. 2001). "A fine is unconstitutionally excessive if (1) the payment to the government constitutes punishment for an offense, and (2) the payment is grossly disproportionate to the gravity of the defendant's offense." *Id.* at 829, citing *U.S. v. Bajakajian*, 524 U.S. 321 (1998).

b. However, these are legal considerations for the Court after the verdict has been rendered, not questions for the jury. *See, e.g.*, *U.S. ex rel. Tyson v. Amerigroup Ill., Inc.*, 488 F. Supp. 2d 719, 742 (N.D. Ill. 2007) (explaining that a "court must [ ] independently assess whether any fine levied comports with the [Eighth] Amendment's requirements") (quotation omitted).

15. *Failure to State a Claim*

    a. This defense has already been resolved in this case.

16. *Not Sufficiently Particular Under Rule 9(b)*

    a. This defense has already been resolved in this case.

17. *Lack of Scienter*

    a. This defense goes to the Relators' *prima facie* case and is therefore not properly considered an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

18. *Authorization by Regulatory Body or Officer*

    a. This defense goes to the Relators' *prima facie* case and is therefore not properly considered an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

19. *Conduct Was Not Material*

    a. This defense goes to the Relators' *prima facie* case and is therefore not properly considered an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

20. *Claims Were Not Material*

    a. This defense goes to the Relators' *prima facie* case and is therefore not properly considered an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

21. *Rule of Lenity*

    a. The rule of lenity does not apply to the FCA because the statute's requirements are not ambiguous. *See U.S. v. Krizek*, 111 F.3d 934, 942 (D.C. Cir. 1997). Although some older cases applied the rule of lenity to interpreting certain provisions of the older version of the FCA, the rule no

longer applies to the FCA because the statute no longer contains a criminal provision. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 786 (4th Cir. 1999) ("The current statute is not criminal, and so a rule of lenity approach is no longer appropriate.").

22. *No Causation*

    a. This defense goes to the Relators' *prima facie* case and is therefore not properly considered an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

23. *Statutory or Punitive Claims Violate Due Process*

    a. Penalties applied under the False Claims Act may be subject to analysis under the Due Process Clause. *See U.S. ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 387–90 (4th Cir. 2015). *But see U.S. ex rel. Tyson v. Amerigroup Ill., Inc.*, 488 F. Supp. 2d 719, 748 (N.D. Ill. 2007) (explaining that "the Due Process Clause does not apply to statutory damages"); *U.S. v. Karron*, 750 F. Supp. 2d 480, 493 n.12 (S.D.N.Y. 2011) ("we are not aware of a successful due process challenge to the FCA's scheme of damages, which has been in place since Congress amended the FCA in 1986").

    b. In any event, as with the Excessive Fines analysis, this Due Process analysis is performed (if at all) by the court after the jury verdict is rendered. *See, e.g.*, *Drakeford*, 792 F.3d at 387–90.

Respectfully submitted August 30, 2021, by:

**HALULEN LAW PLLC**

By: */s/ Gerald C. Robinson*
    Gerald C. Robinson (pro hac vice)
    MN Attorney ID# 0212787
    IDS Center, Suite 1650
    Minneapolis MN 55402
    Tel.: 612-605-4098
    Fax: 612-605-4099
    robinson@halunenlaw.com

**WARREN BENSON LAW GROUP**

By: */s/ Phillip E. Benson*
    Phillip E. Benson (pro hac vice)
    MN Attorney ID #0394772
    620 Newport Center. Dr., Ste. 1100
    Newport Beach, CA 92660
    Tel: (952) 955-3688
    Fax: (858) 454-5878
    philbenson@warrenbensonlaw.com

**REESE MARKETOS LLP**

By: */s/ Joshua M. Russ*
    Joel W. Reese (pro hac vice)
    Texas Bar No. 00788258
    joel.reese@rm-firm.com
    Pete Marketos (pro hac vice)
    Texas Bar No. 24013101
    pete.marketos@rm-firm.com
    Adam C. Sanderson (pro hac vice)
    Texas Bar No. 24056264
    adam.sanderson@rm-firm.com
    Joshua M. Russ (pro hac vice)
    Texas Bar No. 24074990
    josh.russ@rm-firm.com
    Andrew O. Wirmani (pro hac vice)
    Texas Bar No. 24052287
    andrew.wirmani@rm-firm.com
    Brett S. Rosenthal (pro hac vice)
    Texas Bar No. 24080096
    brett.rosenthal@rm-firm.com
    Allison N. Cook (pro hac vice)
    Texas Bar No. 24091695
    allison.cook@rm-firm.com
    750 N. St. Paul Street, Suite 600
    Dallas, TX 75201

**MASTANDO & ARTRIP LLC**

By*: /s/ Dennis A Mastando*
    Dennis A Mastando
    301 Washington Street, Suite 302
    Huntsville, AL 35801
    Tel:256-532-2222
    Tony@mastandoartrip.com

*Attorneys for Qui Tam Relators
Philip Marsteller and Robert Swisher*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th day of August 2021, the foregoing document was submitted to the clerk of the U.S. District Court, Northern District of Alabama. I certify that the document was served on all known counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2).

                                        */s/ Joshua M. Russ*
                                        Joshua M. Russ