FILED
2021 Aug-30 PM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. PHILIP MARSTELLER and ROBERT SWISHER, <br><br>Plaintiff <br><br>vs. <br><br>LYNN TILTON and MD HELICOPTERS, INC., <br><br>Defendants. | Civil Action No. <br><br>5:13-cv-00830-AKK |

## MD HELICOPTERS, INC.'S TRIAL BRIEF

Defendant MD Helicopters, Inc. ("MDHI") submits this brief in accordance with the Court's Standard Pretrial Procedures. Doc. 197, Exhibit A at ¶ 5.

**I.   To show falsity, Relators must prove MDHI's interpretation of whether any reporting obligation was triggered under FAR 52.203-13 was objectively false.**

Proof of liability under the False Claims Act requires Relators to establish an objectively false statement. *United States v. Aseracare, Inc.*, 938 F.3d 1278, 1297-98 (11th Cir. 2019). As *Aseracare* makes clear, this is a rule of general application in the FCA context that is reflected in "a number of opinions from . . . sister circuits." *Id.* Indeed, among those opinions is a decision applying the objective falsity test to an FCA claim involving contracts for the sale of aircraft for a foreign government.

*Id.* at 1297-98 n.11; *see U.S. ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 836-37 (7th Cir. 2011) ("A statement may be deemed 'false' for purposes of the False Claims Act only if the statement represents 'an objective falsehood.'").[1]

*Aseracare* further confirms that, as with all essential elements of an FCA claim, Relators bear the burden of proving objective falsity: "***[T]he Government must show an objective falsity.***" 938 F.3d at 1298 (emphasis added). This is consistent with the rule in this Circuit that where, as here, "the truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving . . . that the defendant's statement is not true under a reasonable interpretation of the law." *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002). To do so, Relators must establish that MDHI's interpretation was

---

[1] *Aseracare* itself thus answers the question of whether the "objective falsity" test applies beyond that case's factual and procedural context. Doc. 209 at 27 n.11. As the Eleventh Circuit's discussion illuminates, while the particular nature of the regulation in *Aseracare* differed from the typical case in that it involved "a question of debatable clinical judgment that may not, in all circumstances, lend itself to just one determination as to the proper exercise of that judgment," rather than a regulation that "was subject to multiple interpretations because its language was ambiguous, yet ultimately only one of the two possible interpretations could be deemed correct," the need to prove objective falsity applies equally in both circumstances. 938 F.3d at 1299. Consistent with this discussion, other district courts in the Eleventh Circuit have applied the objective falsity test outside *Aseracare*'s factual and procedural posture—even courts that initially questioned *Aseracare*'s reach. *Compare U.S. ex rel. Bell v. Cross Garden Care Ctr., LLC*, No. 8:16-CV-961-T-27AEP, 2019 WL 6493972, at *5 n.5 (M.D. Fla. Dec. 3, 2019) (questioning the applicability of *Aseracare* in ruling on a motion to dismiss) *with U.S. ex rel. Bell v. Cross Garden Care Ctr., LLC*, No. 8:16-CV-961-T-27AEP, 2021 WL 779176, at *5 (M.D. Fla. March 1, 2021) (applying *Aseracare* at summary judgment to hold that a difference of opinion does not establish falsity); *see also Simon v. HealthSouth of Sarasota Ltd. P'ship*, No. 8:12-CV-236-VMC-AEP, 2021 WL 533539, at *9 (M.D. Fla. Feb. 12, 2021) (applying *Aseracare* at summary judgment to hold that a difference of opinion does not establish falsity).

unreasonable in light of contemporaneous agency or court interpretations "that might have warned [MDHI] away from the view it took." *U.S. ex rel. K & R Ltd. v. Mass. Housing Fin. Agency*, 530 F.3d 980, 984 (D.C. Cir. 2008) (quoting *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 70 (2007), in affirming summary judgment for FCA defendant).

As the Eleventh Circuit has explained, this requires relators in an FCA case to establish that a defendant's otherwise "'reasonable' interpretation of an ambiguous regulation" was, in fact, unreasonable because the defendant "[had] actual knowledge of a different authoritative interpretation." *U.S. ex rel. Phalp v. Lincare Holdings, Inc.*, 857 F.3d 1148, 1155 (11th Cir. 2017). Where "[n]either the regulations nor administrative authority clearly answer the dilemma [MDHI] faced here"—the proper interpretation of "credible evidence" of a criminal bribery or gratuities violation in light of the facts known to MDHI at the time—objective falsity has not been shown. *Whiteside*, 285 F.3d at 1352 (reversing criminal FCA conviction based on finding that "[t]he government cannot meet its burden in this case because, despite its contention to the contrary, no Medicare regulation, administrative ruling, or judicial decision exists that clearly" rejected defendant's interpretation of the regulation at issue).

As the Court has held, Relators' remaining FCA claims require them to establish both MDHI's intent not to comply with the FAR 52.203-13 reporting requirement at the time it executed a particular contract, and also MDHI's "prompt,

3

substantial nonperformance" of its duty to report credible evidence of a criminal bribery or gratuities violation in connection with that contract. Doc. 209 at 23. As to the latter, Relators must show more than a mere difference of opinion as to whether "credible evidence" of a "violation of Federal criminal law" existed. *See, e.g.*, *Aseracare*, 938 F.3d at 1297. They must establish that MDHI's judgment that there was not credible evidence of an actual violation of the criminal bribery or gratuity statutes was objectively false, based on evidence that MDHI's judgment "contains a flaw that can be demonstrated through verifiable facts." *Id.*

That proof could take the form of MDHI's having "actual knowledge of a different authoritative interpretation." *Phalp*, 857 F.3d at 1155.[2] But for Relators to do so, they must apply the actual standard used to measure a violation of 18 U.S.C. § 201, not a standard, cited in their summary judgment brief, that the Supreme Court rejected more than two decades ago. *Compare* Doc. 180 at 50 ("Providing something after the fact as a 'thanks' and with 'nonspecific intent to "curry favor"'" with a public official is a gratuity violation."), *with United States v. Sun-Diamond Growers*, 526

---

[2] Although, as discussed next, actual intent, not recklessness, is the scienter required to prove a false promise, the Supreme Court has made it clear that recklessness also cannot be established where the defendant applied a reasonable interpretation of a legal obligation. *Safeco*, 551 U.S. at 69 (holding recklessness cannot be established where defendant's "reading of the statute, albeit erroneous, was not objectively unreasonable"); *see K & R Ltd.*, 530 F.3d at 984 (applying *Safeco* to affirm FCA summary judgment where relator failed to identify anything "that might have warned [defendant] away from the view it took" as to a legal duty).

U.S. 398, 405-06 (1999) (rejecting assertion that 18 U.S.C. § 201 "reaches any effort to buy favor or generalized goodwill from an official").

II. **Relators must prove that MDHI intended not to comply with FAR 52.203-13(b) at the time it entered into the contracts at issue**

There is one theory of liability remaining for trial: that MDHI fraudulently induced the award of three contracts by falsely promising that it intended to comply with an obligation to report credible evidence of criminal bribery or gratuity violations in connection with the award, performance, or closeout of each of those contracts. That theory necessarily places a heavy burden of proof on Relators as to scienter. As the Court has repeatedly observed, proof of scienter under Relators' FAR-based fraudulent inducement theory requires Relators to establish "that MD[HI] ***intended not to comply*** with [FAR] § 52.203-13 when it entered into the contracts at issue." Doc. 120 at 26-27; Doc. 209 at 18-19 n.5 (same). The Court's "intent not to comply" articulation of the scienter requirement follows from the nature of Relators' claims.

"A palpably false statement, known to be a lie when it is made, is required for a party to be found liable under the False Claims Act." Doc. 209 at 16 (brackets omitted) (quoting *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1172 (9th Cir. 2006)). Here, the purported false statement is that the "'***prospective promise*** to comply with' [FAR 52.203-13] was 'false when made.'" Doc. 209 at 21 (emphasis added) (quoting *U.S. ex rel. Marsteller v. Tilton*, 880 F.3d 1302, 1314 (11th Cir.

5

2018)). When the false statement is a promise of compliance, it is the "making a promise that one *intends* not to keep [that] is fraud." *Hendow*, 461 F.3d at 1174 (emphasis in original) (quoting *U.S. ex rel. Main v. Oakland City Univ.*, 426 F.3d 914, 917 (7th Cir. 2005)).

Accordingly, the proper scienter inquiry for Relators' fraudulent-inducement theory is whether MDHI *intended* not to comply—not whether MDHI acted in conformity with the broader "knowingly" standard found in the False Claims Act, which allows liability based on a "reckless disregard of the truth or falsity" of the information. *See* 31 U.S.C. § 3729(b)(1). This comports not only with the above precedents, but also the common law of fraudulent inducement. *See U.S. ex rel. Cimino v. Int'l Bus. Machs. Corp.*, 3 F.4th 412, 418 (D.C. Cir. 2021) (emphasizing common law informs FCA fraudulent inducement claim). At common law, proof of reckless disregard for the truth or falsity of a statement only suffices to establish scienter when that statement is one of *fact*. Restatement (Second) of Torts § 526 cmt. e (Am. L. Inst. 1977) (for a statement of fact, scienter can be shown if it was "made without belief in its truth or recklessly, careless of whether it is true or false"). Because Relators' FAR-based fraudulent inducement theory rests on an allegedly false *promise*, however, Relators must establish that MDHI promised to comply with FAR 52.203-13 at a time when it "in fact [did] *not have the intention stated*." *Id.* § 530 cmt. b (emphasis added) ("To be actionable the statement of the maker's own

6

intention must be fraudulent, which is to say that he must in fact not have the intention stated.")

As a result, to establish scienter under the FAR-based fraudulent inducement theory, Relators must prove that, ***at the time it signed a particular contract***, MDHI either (1) already had credible evidence that an employee, agent, or principal of MDHI had committed a bribery or gratuity in connection with the award of that contract that MDHI ***did not intend*** to promptly report, or (2) knew that in the future there would be credible evidence of an employee, agent, or principal of MDHI committing a bribery or gratuity violation in connection with the performance or closeout of the contract and MDHI ***did not intend*** to promptly report that violation once it occurred.

Dated:   August 30, 2021


**BRADLEY ARANT BOULT CUMMINGS LLP**

By: */s/ J. Bradley Robertson*

   J. Bradley Robertson  
   1819 5th Avenue North  
   Birmingham, AL 35203  
   Tel: 205-521-8188  
   Fax: 205-488-6188  
   brobertson@bradley.com

   Kimberly Bessiere Martin  
   200 Clinton Avenue West  
   Suite 900  
   Huntsville, AL 35801  
   Tel: 256-517-5155  
   Fax: 256-517-5255  
   kmartin@bradley.com

   Kristina A. Reliford  
   1600 Division Street, Suite 700  
   Nashville, TN 37138  
   Telephone: (615) 252-3573  
   Facsimile: (615) 252-6380  
   kreliford@bradley.com

   Charles A. Stewart III  
   Jonathan C. Hill  
   445 Dexter Avenue, Suite 9075  
   Montgomery, AL 36104  
   Tel: 334-956-7700  
   Fax: 334-956-7701  
   cstewart@bradley.com  
   rhill@bradley.com

*Counsel for Defendant MD Helicopters, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                 */s/ J. Bradley Robertson*
                                 J. Bradley Robertson