IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § <br> ex rel. PHILIP MARSTELLER and § <br> ROBERT SWISHER, § <br> § <br> Plaintiffs/Relators, § <br> § <br> v. § <br> § <br> MD HELICOPTERS, INC., § <br> § <br> Defendant. § <br> § | | CIVIL ACTION NO. <br><br> 5:13-cv-00830-AKK <br><br> **Jury Trial Requested** |

# RELATORS' OBJECTION TO LIMITING INSTRUCTION IN REGARDS TO VERGEZ GUILTY PLEAS AND MOTION FOR CORRECTIVE INSTRUCTION

Relators respectively submit this objection to the limiting instructions that the Court read to the jury during trial on September 14 and request a corrective instruction.

## BACKGROUND

During Col. Vergez's examination by Relators at trial, Defendant objected to questions relating to Col. Vergez's guilty pleas. The Court ruled that Relators could question Col. Vergez about the guilty pleas and that the jury would be given a limiting instruction about this evidence. (Sept. 14 Rough Tr. at 232–33). Later, the Court read an instruction handwritten by Defendant's counsel. (*Id.* at 264–65). In part, the Court instructed as follows:

> You may not consider evidence of [Vergez's] plea agreement to assess … whether MD Helicopters intended to comply with the conflict of interest provision in FAR 52.203-13. That portion of the guidelines—or the regulations, excuse me, is not at issue in this case and, MD Helicopters and Tilton were entitled to rely on Colonel Vergez to know the scope of his recusal.

(*Id.*). Relators' counsel had seconds to review the lengthy instruction in the middle of an important cross-examination. Relators' counsel had trouble reading the instruction and

initially said Relators did not have an "issue necessarily with that instruction." (*Id*. at 264.). Relators' counsel later noted on the record that Relators objected to the instruction given. (*Id.* at 324). The Court invited Relators to submit objections. (*Id.*).

**ARGUMENT**

The portion of the limiting instruction quoted above contains errors of law that should be corrected. In particular, the instruction errs in stating that the conflict of interest provision of the FAR is "not at issue in this case" and in stating that "MD Helicopters and Tilton were entitled to rely on Colonel Vergez to know the scope of his recusal." As explained more fully in Relators' response to Defendant's motions in limine (*see* Doc. 275 at 4–9), these instructions are erroneous, and conflict of interest is in this case, for the following principal reasons.

- Under settled law, a person can violate the criminal conflict of interest statute by aiding and abetting a conflict of interest.[1]

- Interpreting the FAR to exclude aiding and abetting conflicts of interest would render the requirement to report credible evidence of conflicts of interest meaningless. The FAR only requires reporting of evidence of crimes involving principals, employees, agents, and subcontractors of the Contractor, not public officials. The only way these individuals could violate 18 U.S.C. § 208(a) is by aiding and abetting.

- Whether or not MD and Tilton reasonably relied on Vergez's interpretation of his recusal is a question of fact that the jury must decide for itself.[2] "A court that takes a fact question

---

[1] *See, e.g.*, *U.S. v. Schaller*, 401 Fed. App'x 419 (11th Cir. 2010) (per curiam) (affirming conviction of non-government employee for "aiding and abetting [another person], who participated as a government employee in a contract in which the [other person] had a financial interest, in violation of 18 U.S.C. §§ 208, 216(a)(2), and 2"); *see also U.S. v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015) ("Under 18 U.S.C. § 2, aiding and abetting is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit an offense.").

[2] *See Hemispherx Biopharma, Inc. v. Mid-South Cap., Inc.*, 690 F.3d 1216, 1228 (11th Cir. 2012) ("Generally, the issue of a party's reasonable reliance is [] a question of fact for the jury."); *Wolff v. Allstate Life Ins. Co.*, 985 F.2d 1524, 1531 (11th Cir. 1993) ("The determination of whether the plaintiff's reliance was justifiable is generally a question of fact for the jury to decide."); *U.S. Bank Nat'l Assoc., N.A. v. Tompkins & Somma LLC*, 2012 WL 13028149, *4 (N.D. Ala. Jan. 25, 2012) (explaining that whether "reliance is reasonable under the circumstances is a fact question that generally is a jury issue").

away from the jury . . . commits error." *United States v. Doost*, No. 1:17-CR-00109-APM, 2019 WL 3344277, at *2 (D.D.C. July 24, 2019), aff'd, 3 F.4th 432 (D.C. Cir. 2021).

- There is plainly evidence from which the jury could find that MD did not reasonably rely on Vergez. For one thing, there is abundant evidence that Vergez's conflicts of interest and MD's aiding and abetting of that conflict were committed *before* Vergez's recusal even issued. (*See* Doc. 275 at 8–9, listing some of this evidence). Vergez, moreover, admitted this when he testified that he started negotiating with Tilton and MD in March 2012, and there is plenty of other evidence indicating job negotiations began in the fall of 2011. The conflict-of-interest statute applies not just where a government employee has received a job offer, but also to "any person or organization *with whom he is negotiating or has any arrangement concerning prospective employment.*" 18 U.S.C. § 208(a) (emphasis added). Thus, MD's formal offer of employment to Vergez in April 2012 only after the recusal letter is not dispositive. Accordingly, alleged reliance on that letter is insufficient to bar a conflict of interest liability theory. (Sept. 14 Rough Tr. at 266).

In summary, the conflict-of-interest provision of the FAR is at issue in the case, and whether MD reasonably relied on Vergez's recusal is a jury question. Accordingly, the contrary instructions given to the jury were erroneous and should be corrected.

**CORRECTIVE INSTRUCTION**

The Court should correct the record by instructing the jury to disregard the prior instruction entirely. The Court should then give a new instruction. The Court should replace the incorrect statements with an instruction that the jury may consider whether MD reasonably relied on Vergez to know the scope of his recusal in assessing whether MD or its employees may be liable for aiding and abetting Vergez's conflict of interest and had a duty to report under the FAR.

If the Court stills finds (despite Relators' objections and the authorities noted above) that conflict of interest is not at issue in the case, it should not instruct the jury at all regarding whether MD was entitled to rely, or reasonably did rely, on Vergez to know the scope of his recusal. That instruction is highly prejudicial to Relators, yet it is completely moot if the jury is not asked to consider conflict of interest.

3

In all events, the instruction inappropriately directs the jury to make a fact finding and is thus error under any circumstances. That error is particularly egregious because it was impossible for MD to rely on the recusal letter before it existed, and there is ample evidence that MD did not do so after it was issued.

## CONCLUSION

The Court should find that the prior instruction was erroneous and give the corrective instruction described above to prevent undue prejudice and jury confusion.

Respectfully submitted September 17, 2021, by:

| **HALULEN LAW PLLC** | **WARREN BENSON LAW GROUP** |
|---|---|
| By: */s/ Gerald C. Robinson*<br>Gerald C. Robinson (pro hac vice)<br>MN Attorney ID# 0212787<br>IDS Center, Suite 1650<br>Minneapolis MN 55402<br>Tel.: 612-605-4098<br>Fax: 612-605-4099<br>robinson@halunenlaw.com | By: */s/ Phillip E. Benson*<br>Phillip E. Benson (pro hac vice)<br>MN Attorney ID #0394772<br>620 Newport Center. Dr., Ste. 1100<br>Newport Beach, CA 92660<br>Tel: (952) 955-3688<br>Fax: (858) 454-5878<br>philbenson@warrenbensonlaw.com |
| **REESE MARKETOS LLP** | **MASTANDO & ARTRIP LLC** |
| By: */s/ Joshua M. Russ*<br>Joel W. Reese (pro hac vice)<br>Texas Bar No. 00788258<br>joel.reese@rm-firm.com<br>Pete Marketos (pro hac vice)<br>Texas Bar No. 24013101<br>pete.marketos@rm-firm.com<br>Adam C. Sanderson (pro hac vice)<br>Texas Bar No. 24056264<br>adam.sanderson@rm-firm.com<br>Joshua M. Russ (pro hac vice)<br>Texas Bar No. 24074990<br>josh.russ@rm-firm.com<br>Andrew O. Wirmani (pro hac vice)<br>Texas Bar No. 24052287<br>andrew.wirmani@rm-firm.com<br>Brett S. Rosenthal (pro hac vice) | By: */s/ Dennis A Mastando*<br>Dennis A Mastando<br>301 Washington Street, Suite 302<br>Huntsville, AL 35801<br>Tel:256-532-2222<br>Tony@mastandoartrip.com<br><br>*Attorneys for Qui Tam Relators*<br>*Philip Marsteller and Robert Swisher* |

Texas Bar No. 24080096
brett.rosenthal@rm-firm.com
Allison N. Cook (pro hac vice)
Texas Bar No. 24091695
allison.cook@rm-firm.com
750 N. St. Paul Street, Suite 600
Dallas, TX 75201

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 17th day of September 2021, the foregoing document was submitted to the clerk of the U.S. District Court, Northern District of Alabama. I certify that the document was served on all known counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                        _/s/ Joshua M. Russ_
                                                        Joshua M. Russ